LEWIS L. SIMMONS, Trustee, *vs.* FRANK MORGAN *et al.*

NEWPORT—JUNE 4, 1903.

PRESENT: Stiness, C. J., Tillinghast and Dubois, JJ.

(1) *Trusts. Wills. Equitable Estates.*

Executory devise as follows: "I give to A. in trust all the property that I now possess or may hereafter acquire, for the following purposes, to let any and all of my property and the proceeds to be used to pay taxes and incumbrances, and when the property is free from all incumbrances, then I give devise and bequeath to my son B., all the land and buildings situate on Broadway, to hold to him, his heirs and assigns forever; and I further authorize my trustee to let or sell any of the rest of my property, and the net income of rents together with income from money received from sale of real estate to be paid to my daughters, C. and D. for the term of their natural lives, and after the decease of C. & D. then said income to be paid to the children of C. & D., to hold to said children, their heirs and assigns and one-third part of said income to be paid to my said son B. his heirs and assigns."

At the death of testator his estate was mortgaged for $12,000, and on March 10, 1903, the same had been reduced by the trustee to $8,000, which was secured by mortgage on the parcel devised to B. Said property was sold under the mortgage for $11,000 above the amount of the mortgage debt and expenses. The trustee had other money in his hands obtained from sales, the income of which and the income from the unsold balance of said property he was holding to apply to reduce the mortgage indebtedness on the first parcel:—

*Held*, that, as B. had an equitable fee in the land, subject to the incumbrance, the sum in excess of the mortgage debt was substituted for the land and should be paid to him.

*Held*, further, that, as the net income of the entire property was to be held

to reduce the incumbrances obliterated by the mortgage sale, all the in-
come due up to that time should be paid to B.

*Held*, further, that the limitations expressed in the devise to C. and D.,
their children and B., created an estate for life in the whole estate in C.
and D., and, after their decease, an estate in fee in one-third of said es-
tate in B., and an estate in fee in two-thirds thereof in the children of
C. and D.

BILL IN EQUITY for instructions.

DUBOIS, J. This is a bill in equity brought by Lewis L.
Simmons, trustee under the will of Frank Morgan, for in-
structions as to the conduct of the trust:

Only the following portion of the will is necessary to be con-
sidered:

"I direct my Executor hereinafter named to pay all my
just debts and funeral expenses out of my estate as soon after
my decease as can be conveniently done. I give, devise and
bequeath to my brother, Henry B. Morgan, of Providence,
R. I., In Trust, all the property that I now possess or may
hereafter acquire, whether real personal or mixed, for the
following purposes, to let for the best price that can be ob-
tained any and all of my property and the proceeds thereof
to be used to pay all taxes, insurance, repairs and incum-
brances of every nature, and when the property is entirely
free from all incumbrances, then I give, devise and bequeath
to my son, Frank Morgan, Jr., all the land and buildings sit-
uated on Broadway, Collins Street and West Broadway, ad-
joining, and not any other real estate on W. Broadway, to
hold to him, said Frank Morgan, Jr., his heirs and assigns
forever: and I further authorize my said trustee, to let, or
sell in his discretion for the best prices that can be obtained
any of the rest of my property, giving and executing all nec-
essary deeds and receipts; and the net income of rents together
with income from money received from sale of Real Estate
to be paid to my daughters, Mary E. Elliott, wife of Alex-
ander Elliott, and to Sarah B. Muenchinger, wife of Herman
Muenchinger, for and during the term of their natural lives,
and after the decease of said Mary E. Elliott and Sarah B.
Muenchinger, then said income to be paid to the children of

said Mary E. Elliott and said Sarah B. Muenchinger to hold to said children, their heirs and assigns, and one-third part of said income to be paid to my said son, Frank Morgan, Jr., his heirs and assigns. Should my trustee think in his discretion, that the property devised on Broadway, Collins and West Broadway, would bring a large price, then said trustee sell the same and make and execute all necessary deeds for the conveyance of the same, and the net income of the same to be paid over to my said son, Frank, his heirs and assigns, the income from the rents, or from the sale of said property, to be first paid to my brother, Henry B. Morgan, Trustee, and by him paid to my said son, Frank Morgan, discretionally."

It appears that said Frank Morgan, testator, died at Newport, R. I., October 4, 1892, and that said will was duly admitted to probate on the 31st day of said October.

That Henry B. Morgan, trustee, deceased, and that Lewis L. Simmons was by this court appointed trustee under said will in his place February 4, 1899.

That at the time of the death of said testator his real estate was mortgaged for $12,000.00, and that on March 10, 1903, the same had been reduced by the trustee to $8,000.00, which was secured by mortgage on the parcel devised to said Frank Morgan, Jr.

That said property was sold under said mortgage on March 10, 1903, for $11,374.54 above the amount of the mortgage debt and expenses of foreclosure.

That said trustee has other moneys in his hands obtained from sales, the income of which and the income from the balance unsold of said property he was holding to apply toward the reduction of said mortgage indebtedness upon said first parcel.

The complainant asks the court to instruct him in answering the following questions:

First. What disposition he shall make of the said balance arising from said foreclosure sale?

Second. What disposition he shall make of the proceeds from rents in his hands collected prior to said foreclosure sale both from said first parcel and from the rest of the property?

Third.   Whether or not said trust contained in said third clause of said will is void?

Fourth.   If said trust is valid, what estate the said Mary E. Elliott, Sarah B. Muenchinger, and Frank Morgan, Jr., took under said third clause.

(1)   In the case of *Frank Morgan et al.* v. *Henry B. Morgan et al.*, 20 R. I. 600, we decided that said Frank Morgan, Jr., had an equitable fee, subject to the incumbrance in the land and buildings situated on Broadway, Collins street, and West Broadway adjoining;   as this parcel of land was sold for a sum in excess of the mortgage debt and expenses, such sum represents the value of the land above the incumbrances and is substituted for the land, therefore it should be paid to Frank Morgan, respondent.

As the net income of the entire property was to be held to reduce the incumbrances which were obliterated by said foreclosure sale, all the net income due up to that time for that purpose which was not so applied should be paid to said Frank Morgan, whose cash balance in said estate was diminished to that extent.

The trust contained in the third clause of said will is not void.

"It has been repeatedly held that a devise of the income, or, what is equivalent, of the rents and profits or use and occupancy of land, is, in legal effect, a devise of the land itself.   Whether or not, under such a devise, the estate is for life or in fee must be determined by the limitations expressed in the devise, or the intention of the testator to be gathered from the will."   *Greene* v. *Wilbur*, 15 R. I. at page 255, and cases there cited.

The limitations expressed in the devise to the daughters, their children, and the son of the testator, create an estate for life in the whole estate in said daughters, and after their decease an estate in fee in one-third of said estate in said son; and an estate in fee in two-thirds of said estate, in the children of said daughters, because there can be no doubt that the whole income is directed to be paid to said daughters for and during the term of their natural lives, and the devise to

the children is limited by the words immediately following— "and one-third part of said income to be paid to my said son Frank Morgan, Jr., his heirs and assigns." All the estates in fee are thus postponed until the expiration of the life estate, and all begin their term of enjoyment together; and therefore we make answer as follows:

First. The balance arising from said foreclosure sale shall be paid to said Frank Morgan.

Second. The proceeds in his hands from rents collected prior to said foreclosure sale shall be paid to said Frank Morgan.

Third. The trust contained in the third clause of the will is valid; and

Fourth. Mary E. Elliott and Sarah B. Muenchinger took a life estate in the whole estate mentioned in said third clause of the will, and Frank Morgan, Jr., took an estate in fee in one-third part of said estate after the expiration of the life estate of his said sisters therein.

*Clark Burdick*, for complainant.
*John C. Burke*, for respondents.